# The Alabama Great Southern Railroad Company *v.* Killian.

### *Action against Railroad Company for Injury to Stock.*

1. *Sections 1701 and 1711 of the Code construed.*—Section 1701 of the Code of 1876 was superseded by the later enactment now embodied in section 1711 of that Code, as to the *time* within which the claim for damages for injuries done to stock by a railroad company, should be presented; but that section still stands as a regulation as to the *manner* in which the claim must be preferred. Hence, the claim must still be in writing, and must be presented to one of the officers or employes named in that section.

2. *What is not a presentation of claim for damages for injuries done to stock by railroad company.*—The giving of notice to a "section boss" of a railroad company by the owner of a horse killed by the train of that company, that he claimed damages for and on account of the killing of the horse, can not be regarded as a presentation of the claim within the requirements of the statute.

3. *When claim for stock killed by railroad company, is barred.*—A claim for damages for stock killed by the train of a railroad company, is barred, where it was not presented as required by statute, and suit was not commenced thereon until after the expiration of six months from the date when the horse was killed.

APPEAL from DeKalb Circuit Court.

Tried before Hon. LEROY F. BOX.

This was an action brought by the appellee against the appellant, for damages resulting from the killing of a horse by the locomotive of appellant, and was commenced in said court on the 29th of September, 1880. The cause was tried on the pleas of the general issue and of the statute of limitation of six months. The evidence tended to show, that the value of the horse was $125.00, and that it was killed by the appellant's locomotive on the 14th, 15th or 16th of February, 1880. The other evidence is sufficiently stated in the opinion. The appellant asked the court in writing to give to the jury the following charges: 1. "That if they believe all the evidence, they must find for the defendant." 2. "That if the jury believe from the evidence, that the plaintiff's horse was killed by the locomotive or engine of defendant in February, 1880, and that the present suit was not commenced until some time in September, 1880, then upon this state of facts, the claim of the plaintiff for damages for killing that horse is barred by the statute of limitations in such case made and provided." The court refused to give these charges, and the appellant excepted. The jury returned

a verdict for the appellee, on which a judgment was rendered in his favor.

The errors here assigned are the rulings of the Circuit Court above noted.

RICE & WILEY, and L. A. DOBBS, for appellant.

WATTS & SONS, *contra*.

STONE, J.—The claim in this case not being "presented in writing . . . to the president, treasurer, superintendent, or some depot agent of the railroad company," the plaintiff in the court below, appellee here, can claim no advantage from the claim the proof tends to show he made.—Code of 1876, § 1701. That section, as we understand it, being superseded by section 1711 as to the *time* within which the claim may be made, still stands as a regulation as to the *manner* in which it must be preferred. It must still be in writing, presented to one of the officers or employes named. The suit in this case was brought · more than six months after the alleged injury was done, and hence that act can not be relied on as a presentation of the claim within six months. The language of the statute is, that "all claims for damages shall be barred, unless complaint is made within six months from the date of such killing or injury to live stock or cattle of any kind."—Code, § 1711. In *South and North R. R. Co. v. Morris*, 65 Ala. 193, we said, "that section 1711, which allows six months within which claims of this kind may be sued on, is constitutional and in full force; and being in conflict with section 1701, and more recent in the date of its enactment, it repeals the latter section. The action was not barred then in sixty days, but in six months from the date of the injury for which this suit is brought." Now, this language clearly asserts two propositions: that the claim is not barred in sixty days, and that it is barred in six months. The present is a suit for killing live stock by the defendant railroad company. The only evidence given of the presentation of the claim within six months, was that "the plaintiff introduced evidence tending to prove that within six months after the killing of said horse of plaintiff, the plaintiff gave notice to a section boss that plaintiff claimed damage for and on account of said killing of said horse." The bill of exceptions states it contains all the evidence. This can not be regarded as a presentation of the claim within the requirements of the statute. As shown in the evidence, the plaintiff's claim was barred, and the jury should have been so instructed.

Reversed and remanded.